New Jersey Department of Labor.
Workmen's Compensation Bureau.

GEORGE D. LEARY, Sr., PETITIONER, v. PRUDENTIAL
INSURANCE COMPANY OF AMERICA, RESPONDENT.

Decided August 10, 1938.

For the petitioner, *James J. Carroll.*

For the respondent, *James J. Skeffington.*

\*       \*       \*       \*       \*       \*       \*

The petitioner having been duly sworn and having testified that he had been in the employ of the respondent company for approximately twenty-two years as an agent, assistant supervisor and salesman and that on March 22d, 1938, and for sometime prior, thereto, it was his work to collect premiums in a certain specified locality and also to sell new insurance and take care of death claims and that in furtherance of his work he was furnished by the respondent company with a collection book, application for insurance, insurance amendments to contracts (forms), advertising literature and that on March 22d, 1938, after having made his entries in his book before leaving the house and having on his person a sum of money belonging to the respondent company which money he had collected the day before and having on his person the collection book, applications, advertising literature,

&c., while descending the steps of the porch of his home located at No. 413 Liberty avenue, at approximately eight-twenty A. M., and intending to go to the office of the respondent company, he slipped and fractured the patella of his right knee, and that he continued to work throughout the day of March 22d, 1938, and on March 23d, 1938, he was unable to use the right leg and he notified the company by sending his wife with his various books, &c., to the company and that, thereafter, he was treated by Dr. Behrens, who operated on the right leg; that he had X-rays taken by Dr. Perlberg and that he was hospitalized in the Fairmount Sanatorium in Jersey City and that since March 23d, 1938, he has been unable to return to his work.

\*    \*    \*    \*    \*    \*    \*

And Dr. Joseph Koppel, testifying on behalf of the petitioner and Dr. Anthony J. Watman testifying on behalf of the respondent, were both of the opinion that the petitioner was temporarily disabled at the present time and would so continue for an approximate period of four to six more weeks.

I do find and determine from the facts in the case that the petitioner sustained an injury in an accident arising out of and in the course of his employment with the respondent on March 22d, 1938, and that he is entitled to compensation benefits for temporary disability from March 23d, 1938, up to and including the present time and is to be continued on temporary disability until September 15th, 1938, at which time further medical testimony is to be taken to determine whether temporary disability has ceased and if so, to determine the amount of permanent disability, together with other allowances to be made.

\*    \*    \*    \*    \*    \*    \*

JOHN C. WEGNER,
*Referee.*